The other judges concurred in the opinion of Bee, J.
The decree was as follows:
The court is of opinion that the Circuit court did not err in maintaining the jurisdiction of the court of equity? to grant the relief pray?ed for by the bill, nor in disregarding the exception to the copy? of the measurement and valuation of the referees filed as an exhibit with the bill, nor in holding the appellee entitled to a decree for all of the installments of the yjrice of the work although part thereof only became due pending the cause. But the court is of opinion that before decreeing a sale of the properly, the Circuit court should have directed an enquiry by" a commissioner into the alleged defects in the work done in the execution of said contract which were disclosed and became apparent after the valuation made by the referees, and should have ascertained what would be a just compensation to the appellant Iaege for such defects, and should have caused the same when so ascertained to be accounted for out of the balance due the appellee if sufficient to satisfy the same, before any amount should be decreed to him on said contract.
‘"And the court is further of opinion that before decreeing a sale of the property, the Circuit court should have adjudicated the priority of pay?ment Out of the proceeds thereof as between the appellee and the Building fund company, and should *762 have declared the said company entitled to such priorit3T both as to the one hundred dollars balance of what was paid before, as well as to the four hundred and sixty-one dollars paid after the said building contract was admitted to record.
And the court is further of opinion that it was proper the said property should have been decreed to be sold out and out, but that inasmuch as the wife of the said laege is entitled to a dower interest in the equity of redemption after satisfying the purposes of the deed of trust, and as she is a party to the cause the court should make a suitable provision for the preservation of such dower interest out of the surplus proceeds of sale after satisfying the demands of the Building fund company, before any part thereof should be paid over to the appellee.
Wherefore the court is of opinion that there is error in said decree.
Therefore reversed with costs and remanded with instructions further to proceed in the same according to the principles hereinbefore declared.
Decree reversed.